UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

TIMOTHY WILFONG,
        Plaintiff,

      v.                                                  CASE NO. 3:13-cv-466 (SRU)

STEPHIE VANWILGEN, ET AL.,
        Defendants.

### INITIAL REVIEW ORDER

The plaintiff, Timothy Wilfong, incarcerated and *pro se,* has filed a complaint under 42 U.S.C. § 1983. He names New Haven Police Officers Stephie VanWilgen, J. Haddad, J. Savinelli and F. Melendez and the City of Hew Haven as defendants.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that

includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff claims that Officer VanWilgen issued a false written statement regarding his involvement in a crime. On March 23, 2011, Officers VanWilgen, Haddad, Savinelli and Melendez falsely arrested him pursuant to the written statement of Officer VanWilgen. These officers publicly humiliated the plaintiff by stripping him of his clothes in connection with the arrest. The plaintiff seeks monetary damages. The plaintiff claims the defendants violated his First, Fourth, Eighth and Fourteenth Amendment rights.

In *Monell v. Department of Social Service*, 436 U.S. 658, 691 (1978), the Supreme Court set forth the test for municipal liability. To establish municipal liability for the allegedly unconstitutional actions of a municipal employee, the plaintiff must "plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995). A municipality cannot be held liable under 42 U.S.C. § 1983 solely on a theory of respondeat superior. *See* 436 U.S. at 694-95. The plaintiff must demonstrate "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Any claim against a municipal official or employee in his official capacity is considered to be a claim against the municipality. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

The plaintiff has alleged no facts to suggest the existence of a municipal policy or custom in this case. The incident he describes regarding the false arrest by defendants VanWilgen, Haddad, Savinelli and Melendez appears to be an isolated occurrence. *See Stengel v. City of Hartford*, 652 F. Supp. 572, 574 (D. Conn. 1987) (noting that a claim of municipal policy or custom requires allegations consisting of more than a single isolated incident). Because he has not alleged facts suggesting that the allegedly false arrest of the plaintiff also occurred at other times, plaintiff fails to state a claim for monetary damages against the City of New Haven and defendants Officers VanWilgen, Haddad, Savinelli and Melendez in their official capacities. All claims against the City of New Haven and the official capacity claims against defendants Officers VanWilgen, Haddad, Savinelli and Melendez are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

II.   First Amendment

The plaintiff alleges that the conduct of the defendants violated his First Amendment rights. The plaintiff has asserted no facts to support this conclusory statement. Thus, the plaintiff's First Amendment claim lacks an arguable legal or factual basis and is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

III.   Sixth Amendment

The plaintiff also asserts that the defendants violated his Sixth Amendment rights. The Sixth Amendment provides:

> [i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defen[s]e.

U.S. Const. amend. VI. The plaintiff does not include facts to state a claim that any of the defendants violated his rights under any provision of the Sixth Amendment. Thus, the Sixth Amendment claims are dismissed as lacking an arguable factual or legal basis pursuant to 28 U.S.C. § 1915A(b)(1).

IV.   Eighth Amendment

The Eighth Amendment protection against cruel and unusual punishments applies only after conviction. *See Whitley v. Albers*, 475 U.S. 312, 318 (1986). The plaintiff's allegations pertain to conduct that occurred during his arrest. Thus, the Eighth Amendment affords him no protection. All claims for violations of the Eighth Amendment are dismissed as lacking an arguable legal basis pursuant to 28 U.S.C. § 1915A(b)(1).

V.   Fourteenth Amendment

The plaintiff claims that the defendants falsely arrested him in violation of the Fourteenth Amendment. The Supreme Court has held that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalizd notion of substantive due process must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994). The Fourth Amendment's prohibition against unreasonable searches and seizures is applicable to claims of false arrest. *Id.* at 274. The plaintiff does not assert any facts to support a claim under the Fourteenth Amendment. Thus, the Fourteenth Amendment claims are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

After reviewing the allegations, the court concludes that the case should proceed at this time on the Fourth Amendment claim of false arrest as well as any state law claims against Officers VanWilgen, Haddad, Savinelli and Melendez in their individual capacities.

**ORDERS**

The court enters the following orders:

(1) All claims against the City of New Haven, all official capacity claims against defendants VanWilgen, Haddad, Savinelli and Melendez and all First, Sixth, Eighth and Fourteenth Amendment claims against defendants VanWilgen, Haddad, Savinelli and Melendez in their individual capacities are dismissed. *See* 28 U.S.C. § 1915A(b)(1). The Fourth Amendment and state law claims against defendants VanWilgen, Haddad, Savinelli and Melendez in their individual capacities shall proceed.

(2) Within fourteen (14) business days of this Order, the Clerk shall mail a waiver of service of process request packet to each of the following defendants in his or her individual capacity at the New Haven Police Department, One Union Avenue, New Haven, CT 06519: Stephie VanWilgen, J. Haddad, J. Savinelli and F. Melendez. On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The defendants shall file their response to the Complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order. If the defendant chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above. He may also include any and all additional defenses permitted by the Federal Rules.

(4) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be

completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(5) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(6) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(7) **If the plaintiff changes his address** at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he **MUST notify the court**.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address **even if he is incarcerated**.  The plaintiff should write "**PLEASE NOTE MY NEW ADDRESS.**"  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, indicate the case numbers in the notification of change of address.  The plaintiff should also notify the defendant(s) or the attorney for the defendant(s), if appropriate, of his or her new address.

SO ORDERED at Bridgeport, Connecticut this 19th day of November 2013.

    /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge